**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

Global Cash Access, L.L.C., a Delaware limited liability company,

Plaintiff,

vs.

Innovative Financial Systems, Inc., a Minnesota corporation,

Defendant.

**Court File No. 00-CV-173 MJD/JGL**

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

---

The parties to the above-captioned action, by their undersigned attorneys, hereby agree as follows:

1. Definitions

a) The term "person" means any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency, and any agent of the foregoing.

b) The term "document" means the original and any copy, regardless of origin or location, of any written or recorded material, in whole or in part, including, without limitation, computer-stored and computer-retrievable information.

c) The term "disclose" means to show, give, make available or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any person in this action.

AUG 2 5 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

d) The term "Confidential Information" means all information, whether documentary or oral, provided by the Plaintiff Global Cash Access to Defendant Innovative Financial Systems, and vice versa, and made confidential in accordance with this Stipulation and Protective Order.

e) The term "Qualified Person" means (i) outside counsel of record for the parties, including associate attorneys, paralegals, and stenographic and other support staff assisting such counsel; (ii) directors, officers, employees and other technical personnel of the receiving party who are designated to assist counsel of record for the receiving party; (iii) experts, patent counsel and independent technical consultants retained by the parties, to assist counsel identified in the preparation for trial and trial of this litigation; (iv) directors, officers and employees of any party who are noticed for depositions or designated as trial witnesses, and other persons who, in the good faith belief of counsel for a party, may serve as fact witnesses either at a deposition or a trial of this litigation; and (v) deponents and their counsel, during the course of depositions taken in this litigation, and court reporters and persons preparing transcripts of depositions.

2. Any information supplied in written or documentary form shall be deemed Confidential Information upon labeling such information with the designation "Confidential." If a multi-page document is to be designated confidential, the party so designating the document as Confidential Information shall label each and every page of such document with the "Confidential" designation. Any deposition testimony shall be treated as Confidential Information (a) upon so designating it as such on the record during the deposition, or (b) upon serving written notice on the other party of that portion of the testimony designated as Confidential Information within thirty (30) days after receipt of the transcript; such testimony,

including transcripts of such testimony, shall be subject to all the provisions of this Stipulation and Protective Order.

3. Any information designated as Confidential Information shall be made available only to Qualified Persons who shall have read this Stipulation and Protective Order and who shall (a) agree to be bound by the terms hereof; (b) agree to maintain said information in confidence; (c) agree not to disclose the same to anyone other than a Qualified Person; and (d) agree that all information disclosed shall be used solely for purposes of this litigation and shall not be used in the conduct of their business.

4. Nothing shall prevent disclosure beyond the terms of this Stipulation and Protective Order prior to trial if the party claiming confidentiality consents in writing to such disclosure. If the receiving party desires to disclose Confidential Information to persons who are not Qualified Persons or if it disagrees with the designation by the producing party of any information as Confidential Information, then the parties shall first try to resolve such dispute on an informal basis. If the dispute cannot be resolved, then the party seeking such disclosure, upon no less than ten (10) days written notice, may by written motion specify the basis on which it claims that such designation is improper, and seek the approval of the Court to disclose such information.

5. Counsel for either party shall have the right to exclude from depositions any person, other than the deponent and the court reporter, who is not a Qualified Person or otherwise authorized under this Stipulation and Protective Order to receive Confidential Information. Such exclusion shall be applicable only during periods of examination or testimony directed to or comprising information which has been designated as Confidential Information.

6. No person shall be obligated to challenge the propriety of Confidential Information and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

7. All documents that are filed with the Court, which the party filing wishes to maintain as Confidential Information for purposes of filing, shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This document is subject to a PROTECTIVE ORDER and may not be examined or copied except in compliance with that order.

8. The envelope or container shall not be opened without order of the Court except by outside counsel of record who shall return the document to the Clerk in a sealed envelope or container.

9. All information and documents disclosed in this action, whether or not designated as Confidential Information shall be used solely for purposes of preparation for trial and trial of this litigation. No information or documents disclosed in this action and designated as Confidential Information, may under any circumstances be disclosed or disseminated to non-parties, except as provided for herein.

10. If a signatory in possession of materials designated as Confidential Information receives a subpoena from a non-signatory to this Stipulation and Protective Order seeking production or other disclosure of Confidential Information, then that party shall:

a) immediately give written notice to counsel for the signatory who designated the materials as Confidential Information, by facsimile and by overnight

delivery, identifying the confidential material sought and enclosing a copy of the subpoena, and

b) timely serve an objection to the subpoena to the extent that it seeks materials designated as Confidential Information, and immediately provide a copy of the objection to counsel for the party who designated the materials as Confidential Information.

Where possible, said written notice shall be given at least 10 days before production or other disclosure shall be given. In no event shall disclosure be made before said written notice would be received in the normal course.

11. Within 60 days after the conclusion of this litigation, including any post-trial motions or appellate proceedings, counsel of record for the signatories shall secure the return of all materials designated as Confidential Information, and all copies thereof and notes, abstracts or summaries made therefrom, and other materials containing any of the substance thereof, from all persons to whom such materials were disclosed under the terms of this Stipulation and Protective Order, and shall either destroy all such materials or return them to counsel for the signatory who designated the materials as Confidential Information, except that counsel may retain their work product, copies of court filings and official transcripts and exhibits, provided that all of such retained materials designated as Confidential Information will continue to be treated as provided herein.

12. The provisions of this Stipulation and Protective Order may be modified at any time by further stipulation of the signatories and approved by order of this Court. In addition, a signatory may at any time apply to the Court for modification of this Stipulation and Protective Order pursuant to motion brought with reasonable notice to the other signatory.

13. The production of documents for inspection shall not constitute a waiver of the producing party's right to claim in this action or hereafter that the documents are privileged or otherwise undiscoverable.

14. This Stipulation and Protective Order shall survive and remain in full force and effect after termination of this litigation.

Date: August 23, 2000

**OPPENHEIMER WOLFF & DONNELLY LLP**

By [signature]
Mark S. Olson #82120
Jacqueline M. Moen #239896
Dawn C. Van Tassel #297525
3400 Plaza VII, 45 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 607-7000
Fax Telephone No.: (612) 607-7100

**ATTORNEYS FOR PLAINTIFF GLOBAL CASH ACCESS, L.L.C.**

Dated: August 23, 2000

**BRIGGS & MORGAN, P.A.**

By [signature]
Jack Y. Perry (#209272)
Matthew D. Forsgren (#246694)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 334-8400
Facsimile: (612) 334-8650

**ATTORNEYS FOR DEFENDANT INNOVATIVE FINANCIAL SYSTEMS**

Approved and so Ordered this 25 day of August, 2000.

[signature]
JONATHAN G. LEBEDOFF
UNITED STATES MAGISTRATE J.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415


# Clerk's Notice In Re: Protective Order

---

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.