**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Global Cash Access, L.L.C.,

Plaintiff,

v.

Innovative Financial Systems, Inc.,

Defendant.

**AMENDED ORDER**
Civil File No. 00-173 (MJD/JGL)

---

This matter is before the Court on the parties' cross motions for partial summary judgment, and Plaintiff's motion for an award of specific performance. Plaintiff Global Cash Access ("Global") brought this suit for breach of a contract for services against Defendant Innovative Financial Systems, Inc. ("IFS").

Plaintiff Global provides cash access services to holders of certain valid cards such as credit or debit cards. Defendant IFS operates cash access service centers in certain Native American gaming facilities, including the type of services Global provides, as well as check-cashing, and manual credit and debit card cash advance transactions. This action arises out of a dispute concerning a contract ("Service Agreement") between the parties, dated December 1, 1998. The Service Agreement gave Global the right to be the sole and exclusive provider of credit card cash advance, debit card, smart card and all other cash advance and access services on IFS Service Center premises for the five year duration of the agreement. See Service Agreement at 2.

After the agreement was executed, Global installed its equipment and began



FILED 1/11/01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

providing automated cash advance services at most of the fourteen IFS service centers listed in Exhibit B to the Service Agreement.[1] Global alleges that IFS then refused to allow Global to install its equipment at the remaining sites, and that IFS subsequently acquired at least four additional service center sites without informing Global. IFS then removed Global's equipment from all but one of the facilities at which it had been providing services, and entered into a contract for the same type of services with Imperial Bank, a Global competitor.

Global filed this suit against IFS, and now asks for summary judgment on the issue of liability for breach of contract, and injunctive relief in the form of specific performance for the remaining part of the contract.

## Discussion

Summary judgment as a matter of law is appropriate when no genuine issue of material fact exists in the record. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). A fact is material if resolving disputes concerning that fact affects the outcome of the case. Anderson, 477 U.S. at 248. A dispute is genuine if, based on the evidence, a reasonable jury could return a verdict for either party. Id. at 252. On a motion for summary judgment, the Court views all evidence and inferences in a light most favorable to the nonmoving

---

[1] There is some confusion about the exact number of sites Global was allowed to service prior to being ejected. In its Memorandum, Plaintiff first claims it was providing services at eleven sites, and later claims IFS ejected it from "nine of ten facilities in which it had been providing services." See Pl.'s Mem. ¶¶ 18, 23, at 5. Defendant claims it allowed Global to service "all but two" of the locations (which would be twelve). See Def.'s Mem. Opp., ¶ 11 at 5.

party. Id. at 250. The moving party carries the burden to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(b); Celotex, 477 U.S. at 323.

a) Breach of Contract

Defendant does not contest that its actions breached the express terms of the contract as to the fourteen sites listed in Exhibit B to the Service Agreement. See Def. Mem. Opp. at 2. In the operative portion of the contract, the pertinent provision reads:

> Provider Status. [Global] shall have the right to be the sole and exclusive supplier of...cash advance and/or access services...on [IFS] Service Center's premises for the duration of this agreement.

Service Agreement at 2. The Service Agreement incorporates the fourteen IFS locations listed in Exhibit B to the Agreement. Service Agreement at 1. When IFS prevented Global from providing services at all of the sites, and then entered into a contract with Global's competitor to provide the same services, the parties agree this action breached the contract terms cited above. Summary judgment for Plaintiff is therefore appropriate as to those fourteen sites.

IFS is also liable to Plaintiffs for the four additional sites added after the contract was signed and before this complaint was filed. Defendant argues that the introductory language of the Service Agreement, which says that "This Agreement...is...for the location listed below and all locations listed on Exhibit B," limits IFS's obligation to only those fourteen sites. However, the plain language of the "Provider Status" provision in the operative section of the contract gives Plaintiff the right to act as the "sole and exclusive supplier ... on Service Center premises for the duration of this contract." No limiting language restricts the agreement to only those sites listed in Exhibit B. The wording of the introductory recital, which provides that "GSA shall become...the supplier...at all

current and future Service Center locations..." merely reaffirms that the contract applies to sites acquired after the agreement was signed.

b) Award of Specific Performance

Injunctive relief is an extreme remedy. An award of specific performance may be appropriate, however, when the affected party can demonstrate actual irreparable harm and inadequacy of legal remedies. See Packard Elevator v. ICC, 782 F.2d 112, 115 (8th Cir. 1986)(quoting Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C.Cir. 1985); U.S. Bank Nat'l Assoc. v. Angeion Corp., 615 N.W.2d 425, 434 (Minn. App. 2000). The harm must be actual; economic loss will not, alone, constitute irreparable harm. See Morse v. City of Waterville, 458 N.W.2d 728, 729 (Minn. App. 1990). The burden is on the petitioner to demonstrate to the Court that the harm is certain to occur in the near future, and that the alleged harm will directly result from the action sought to be enjoined. See Wisconsin Gas, 758 F.2d at 647. Mere allegations of potential future harm will not suffice. See College Craft Companies, Ltd. v. Perry, 1995 WL 783612, *8 (D.Minn.)

The Court finds that Plaintiff has not demonstrated that it will suffer irreparable harm if specific performance is not ordered, nor has it demonstrated the inadequacy of legal remedies. Global's contention that it will suffer "substantial loss of goodwill and its associated intangible and unascertainable benefits" is not supported by the record; in fact, the record does not contain any evidence demonstrating how the public display of Global's equipment and logo in the gaming facilities inevitably leads to future business and profits. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for partial summary judgment on the issue of liability is GRANTED.

2. Defendant's motion for partial summary judgment on the issue of liability is DENIED.

3. Plaintiff's motion for injunctive relief is DENIED.

4. Judgment was incorrectly entered by the Order dated January 5, 2001. The Clerk's Office is directed to vacate the judgment dated January 5, 2001 and remove it from the file.

Dated: 1-11, 2001.

Michael J. Davis
United States District Court Judge

Global Cash Access, L.L.C.,
v. Innovative Financial Systems, Inc.
Civil File No. 00-173