**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**GLOBAL CASH ACCESS, LLC,**

Plaintiff,

v.

**INNOVATIVE FINANCIAL SYSTEMS, INC.,**

Defendant.

Civil No. 00-173 (MJD/JGL)

**ORDER**

APPEARANCES

Jacqueline M. Moen, Esq., for Plaintiff.

Matthew D. Forsgren, Esq., for Defendant.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on February 15, 2001 on Plaintiff's motion to compel discovery (Doc. No. 34). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

This action arises from a breach of a service agreement between the parties. On January 11, 2001, the Honorable Michael J. Davis granted summary judgment to Plaintiff Global Cash Access ("Global") on all issues of liability. Global now moves to compel discovery responses to ascertain information pertinent to the calculation of its damages. Two requests for

FEB 21 2001
DOSAL, CLERK

document production are at issue: (1) Defendant's corporate financial statements for the calendar years ending 1999 and 2000, or for the fiscal years that completely encompass those years; and (2) all documents that evidence negotiations or transactions with third parties for the sale, transfer, or other disposition of assets during the preceding twelve months or contemplated to occur within the next forty-five days. Defendant Innovative Financial Systems, Inc. ("IFS") objected to the requests on various grounds, but agreed to produce responsive and non-privileged documents at a mutually convenient time and place. However, IFS has not provided any documents.

The Federal Rules of Civil Procedure contemplate liberal discovery; the information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501.

With respect to the first document request, Plaintiff Global asserts that the financial statements are relevant to establish damages. Specifically, Plaintiff contends that the statements will reveal Defendant's expenses, which are a factor in determining lost profits. In addition, because Plaintiff and

Defendant are in similar businesses, Plaintiff wants to compare Defendant's calculation of expenses with Plaintiff's calculations to establish the reasonableness of damages. Defendant IFS does not directly challenge the relevance of the documents, but argues that if this category of documents were relevant, Plaintiff would have produced its financial statements in its Rule 26 disclosures. Defendant's argument is unconvincing. The Court finds that the financial statements are relevant to the calculation and reasonableness of Plaintiff's damages, and IFS is ordered to produce the documents.

Turning to the second request, which seeks evidence of asset sales by IFS, Plaintiff essentially conceded at the motion hearing that the information was not relevant to calculating damages. However, Plaintiff did raise another effective argument in support of disclosure. Plaintiff asserts that IFS may be attempting to dissolve its business; thus, evidence of asset sales will determine whether Plaintiff seeks a prejudgment attachment of Defendant's assets. The Court finds the requested documents relevant on this basis, and Defendant is therefore ordered to produce the documents.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiff's motion to compel discovery (Doc. No. 34) is **GRANTED**;

(2) Plaintiff's request for costs and fees is **DENIED**; and

(3) Defendant must produce responsive documents on or before Friday, March 9, 2001.

Dated: February 20, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge